## Andrew Sorensen v. Central Lumber Co.

1. Interest—*Defined.*—Interest is defined to be the compensation which is paid by the borrower of money to the lender, for its use, and generally, by the debtor to his creditor, in recompense for the detention of the debt.

2. Same—*Unlawful Rates Prohibited.*—By the statute (Hurd's R. S. 1899, Chap. 74, Secs. 4, 5 and 6), it is lawful to contract for interest at the rate of seven per cent per annum, or for any less sum, and the acceptance or receipt by any one, directly or indirectly, in money, goods, discount or thing in action, or in any other way, of any sum or greater value than seven per cent per annum for the loan or forbearance of money, is expressly prohibited.

3. Same—*Penalty for Contracting for a Rate in Excess of that Allowed by Law.*—If any person, directly or indirectly, contracts to receive a greater rate of interest than that allowed by law, such person forfeits the whole of the interest so contracted to be received.

4. Remittitur—*Of Usury in a Judgment.*—When it appears from the record that usury is an element of a judgment appealed from, and a jury has been waived in the court below, the Appellate Court may order the judgment affirmed on condition that the element of usury be eliminated by a remittitur.

Assumpsit, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in this court at the March term, 1901. Affirmed on remittitur, otherwise reversed and remanded. Opinion filed November 21, 1901. Remittitur filed and cause affirmed, November 30, 1901.

Ernest Saunders, attorney for appellant.

Elmer H. Adams, attorney for appellee.

Mr. Justice Adams delivered the opinion of the court.

January 26, 1899, appellant executed to appellee a promissory note for the sum of $1,025, payable on demand, with interest at the rate of six per cent per annum after date, annexed to which is a power of attorney, in the usual form, to confess judgment for the amount due on the note, with costs and $25 attorney's fees. April 9, 1900, judgment was confessed in the Superior Court, by virtue of said power of attorney, for the sum of $405.45. April 25, 1900, the court, on appellant's motion, ordered that appellant have leave to plead, the judgment to stand as security. Appellant pleaded

several pleas, and the cause was heard by the court, without a jury, and the court found the issues for appellee and assessed appellee's damages at the sum of $398.26, whereupon appellee remitted $7.19 from the judgment entered April 9, 1900, and the court rendered judgment that the said judgment of April 9, 1900, stand for $398.26, from which last judgment appellant appealed. Appellant pleaded, among other things, usury. It appears from the evidence, and is admitted by counsel for appellee in his argument, that Sorensen, the appellant, applied to appellee for a loan of $1,000 to lift a mortgage on a lot of his, and that appellee loaned him only that amount, but required that he should give his note for $1,025, which he did, and which is the note in suit. Sorensen testified that $25 was included in the note for the use of the money, as commission. Gilman, a witness for appellee, testified that he was present when the money was loaned by appellee to appellant, and that the agreement was that appellant was to pay $25 for the use of $1,000, and to repay the money loaned in three or four weeks.

Interest is defined to be, "The compensation which is paid by the borrower of money to the lender, for its use, and generally, by a debtor to his creditor, in recompense for his detention of the debt." Bouvier's Law Dictionary.

Appellee is not a broker, but a lumber company; and there is no evidence, nor is it claimed that the money loaned was not appellee's money. Therefore the $25 can not be claimed as commission. Clearly, it was contracted for as interest, and must be so considered in estimating the amount due. On the hypothesis that the note would remain uncollected for a year, the interest contracted for would be interest on $1,025 at six per cent per annum, $61.50, plus $25, or $86.50, which is at a rate exceeding eight and one-half per cent per annum on $1,000, the amount loaned. By the statute it is provided that it shall be lawful to contract for interest at the rate of seven per cent per annum, or any less sum, and the acceptance or receipt by any one, directly or indirectly, in money, goods, discount or thing in action, or in any other way, of any

sum or greater value than seven per cent per annum, for the loan or forbearance of money, is expressly prohibited, and it is further provided, that if any one shall contract to receive a greater rate of interest than seven per cent per annum, such person shall forfeit the whole of the interest so contracted to be received. Hurd's Rev. Stat. 1899, Chap. 74, Secs. 4, 5 and 6.

In this connection it might be well to remember Coke's advice: "To them that lend money my *cavest* is that neither directly nor indirectly, by art or cunning invention, they take above ten in a hundred; for they that seek by sleight to creepe out of these statutes will deceive themselves, and repent in the end." Coke upon Littleton, L. I, C. 1, Sec. 1, 4 a.

April 9, 1900, the appellee was entitled to recover only the balance then due of the principal sum of $1,000, plus $25, authorized by the warrant of attorney to be included in the judgment as an attorney's fee. It appears from the evidence that $700 was paid on the note, $200 of which was paid April 21, 1899, and $500 of which was paid December 29, 1899, leaving the balance due on the note without interest April 9, 1900, $300, for which amount, plus $25, or $325, the judgment should have been.

Appellant claims that he made other payments on the note in addition to those above mentioned, but it appears from the evidence that he had a lumber account with appellee, and, we are of opinion that the court was warranted by the evidence in finding such other payments were on the lumber account and not on the note.

On the appellee filing, within ten days, a remittitur of the sum of $73.26 on the judgment of February 1, 1901, for the sum of 398.26, said judgment will be affirmed for the sum of $325, in which case the judgment of April 9, 1900, will remain a judgment in full force and effect for the sum of $325 and costs; otherwise the judgment of February 1, 1901, appealed from, will be reversed and the cause remanded. Appellant, in either case, to recover his costs of this court. Affirmed on remittitur, otherwise reversed and remanded.